10-1100-ag
Tjandra v. Holder

BIA
A098 690 641

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of February, two thousand twelve.

PRESENT:
> ROGER J. MINER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

LINDAWATI TJANDRA,
> *Petitioner,*

> v.                                          10-1100-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      H. Raymond Fasano, Madeo & Fasano, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Ann Carroll Varnon, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lindawati Tjandra, a native and citizen of Indonesia, seeks review of a February 26, 2010, order of the BIA denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lindawati Tjandra*, No. A098 690 641 (B.I.A. Feb. 26, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the BIA's decision alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Tjandra argues that the BIA erred in finding that she did not establish a pattern or practice of persecution of ethnic Chinese Christians in Indonesia. She argues that the BIA failed to give reasoned consideration to her evidence and deprived her of due process by ignoring her arguments and supporting evidence. These arguments are unavailing.

2

The BIA explicitly addressed Tjandra's argument that she established a pattern or practice of persecution because the country conditions evidence she submitted supported a conclusion different from that reached by the BIA in *In re A-M-*, 23 I. & N. Dec. 737, 741-42 (B.I.A. 2005) (finding no pattern or practice of persecution of Chinese Christians in Indonesia). Because the BIA explicitly addressed Tjandra's evidence, the record does not compel the conclusion that the BIA failed to consider the full record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

The only material difference between the conditions demonstrated in Tjandra's case and those in *In re A-M-* was the occurrence of the 2005 Bali bombings. The agency reasonably concluded that this one additional incident did not establish a "systemic, pervasive or organized" threat of harm, and thus did not establish a pattern or practice of persecution. *See In re A-M-*, 23 I. & N Dec. at 741 (finding that threat of harm must be systemic or pervasive to amount to pattern or practice of persecution). Accordingly, the agency reasonably concluded

3

that sporadic incidents of violence in Indonesia did not give Tjandra a well-founded fear of future persecution establishing her eligibility for asylum. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (affirming agency's conclusion that petitioner's country conditions evidence did not establish pattern or practice of persecution of Chinese Christians in Indonesia).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk